United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                              Case No. 17-13604-amc
Michael P. Quinlan                                                  Chapter 7
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2          User: admin              Page 1 of 1              Date Rcvd: Sep 01, 2017
                              Form ID: 318             Total Noticed: 14

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 03, 2017.
db            +Michael P. Quinlan,    1210 4th Avenue,    Essington, PA 19029-1815
13922873      +MRS Associates,    1930 Olney Ave,    Cherry Hill, NJ 08003-2016

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg            E-mail/Text: bankruptcy@phila.gov Sep 02 2017 02:04:16     City of Philadelphia,
               City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
               Philadelphia, PA  19102-1595
smg            E-mail/Text: RVSVCBICNOTICE1@state.pa.us Sep 02 2017 02:03:51
               Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
               Harrisburg, PA  17128-0946
smg           +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Sep 02 2017 02:04:10     U.S. Attorney Office,
               c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
13922868      +EDI: CAPITALONE.COM Sep 02 2017 01:53:00     Capital One Bank USA NA,    PO Box 30281,
               Salt Lake City, UT 84130-0281
13922869      +EDI: CHASE.COM Sep 02 2017 01:53:00     Chase Bank USA,    800 Brooksedge Blvd,
               Westerville, OH 43081-2822
13922870      +EDI: DCI.COM Sep 02 2017 01:53:00     Diversified Consultants,    PO Box 551268,
               Jacksonville, FL 32255-1268
13922871      +EDI: PHINAMERI.COM Sep 02 2017 01:53:00     GM Financial,    PO Box 181145,
               Arlington, TX 76096-1145
13922872      +E-mail/Text: bankruptcy.notices@hdfsi.com Sep 02 2017 02:04:28     Harley Davidson Credit,
               3850 Arrowhead Dr,    Carson City, NV 89706-2016
13922874       EDI: PRA.COM Sep 02 2017 01:53:00     Portfolio Recovery,    120 Corporate Blvd,
               Norfolk, VA 23502
13922875      +E-mail/Text: bankruptcyteam@quickenloans.com Sep 02 2017 02:04:08     Quicken Loans,
               1050 Woodward Ave,    Detroit, MI 48226-1906
13922877      +EDI: SWCR.COM Sep 02 2017 01:53:00     SW Credit Systems,    4120 International Pkwy, Ste 1100,
               Carrollton, TX 75007-1958
13922876      +EDI: DRIV.COM Sep 02 2017 01:53:00     Santander Consumer USA,    PO Box 961245,
               Fort Worth, TX 76161-0244
                                                                                              TOTAL: 12

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 03, 2017                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 31, 2017 at the address(es) listed below:
          GARY F. SEITZ    gseitz@gsbblaw.com, gfs@trustesolutions.net;hsmith@gsbblaw.com
          MATTEO SAMUEL WEINER    on behalf of Creditor    Quicken Loans Inc. bkgroup@kmllawgroup.com
          MICHAEL GUMBEL    on behalf of Debtor Michael P. Quinlan mgumbel@bainbridgelawcenter.com
          REBECCA ANN SOLARZ    on behalf of Creditor    Quicken Loans Inc. bkgroup@kmllawgroup.com
          THOMAS I. PULEO    on behalf of Creditor    Quicken Loans Inc. tpuleo@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                                              TOTAL: 6

**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | **Michael P. Quinlan** | Social Security number or ITIN **xxx–xx–7587** |
| | First Name  Middle Name  Last Name | EIN _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name  Middle Name  Last Name | Social Security number or ITIN _ _ _ _ |
| | | EIN _ _–_ _ _ _ _ _ _ |

United States Bankruptcy Court  **Eastern District of Pennsylvania**

Case number:  **17–13604–amc**

# Order of Discharge                                               12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Michael P. Quinlan

<u>8/31/17</u>                                         **By the court:**  <u>Ashely M. Chan</u>
                                                                       United States Bankruptcy Judge

---

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

Official Form 318                          **Order of Discharge**                                    page 1

**Some debts are not discharged**
Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**